LOUIS ABRAHAMS ET AL., DEFENDANTS IN CERTIORARI, v. ABRAHAM JACOBY, PLAINTIFF IN CERTIORARI.

Argued November 12, 1902—Decided February 24, 1903.

The defendant in this case was summoned before a Justice's Court by his proper surname, which was preceded by the initial letter of his Christian name. On the return day no regular appearance was entered, but his attorney-at-law appeared for him and objected to the summons and moved to set it aside because, as he stated, the first or Christian name of the defendant was not inserted therein. The justice denied the motion, and thereupon amended the summons by inserting the proper Christian name of the defendant. It was held, on review, that the justice had power to amend under the one hundred and thirty-eighth section of the Practice act (*Gen. Stat., p.* 2556), and also under the supplement thereto, approved April 16th, 1891 (*Gen. Stat., p.* 2594), these acts having been extended to the practice of Justices' Courts.

On *certiorari.*

Before Justices Dixon and Hendrickson.

For the plaintiff in *certiorari, Ephraim Cutter.*

For the defendant in *certiorari, Thomas S. Henry.*

The opinion of the court was delivered by

Hendrickson, J. We think the action of the justice of the peace in this case, in causing the summons, which was directed against A. Jacoby, to be amended so that defendant's name would read Abraham Jacoby, should be sustained. The defendant did not himself appear on the return day, but the record shows that, before the trial began, Ephraim Cutter, an attorney of the defendant, appeared for him, and objected to the summons; and asked that it be set aside, because the first or Christian name of the defendant was not inserted therein. The justice denied the motion, and thereupon amended the summons.

It will be noted that the attorney of the defendant made no objection to the service, which appears to have been regular, and what he said was practically an admission that the right party had been served. His objection was that the defendant's Christian name was not inserted in the summons. Presumably the plaintiff did not know defendant's full name when the suit was brought.

We think the one hundred and thirty-eighth section of the Practice act (*Gen. Stat., p.* 2556, § 138), which has been extended to Justices' Courts (*Gen. Stat., p.* 1886, § 113), justifies the amendment of the summons.

We have been pointed to *Elberson* v. *Richards,* 13 *Vroom* 69, and *Dittmar Powder Co.* v. *Leon, Id.* 540, to show that such a defect in the summons is fatal. But they were proceedings under the Attachment act, to which the amending statute does not apply. We think the supplement to the Practice act approved April 16th, 1891 (*Gen. Stat., p.* 2594), would also apply to this case and justify the action of the court below.

The judgment is affirmed, with costs.